Mr. Justice Davis
delivered tbe opinion of tbe court:
This suit is brought to recover for services rendered under tbe following circumstances: In 1851 tbe appellant was appointed by tbe Secretary of tbe Interior an agent to proceed to Europe and prepare for tbe Department an account of tbe London Industrial Exhibition; in which employment be was eugaged in London, and subsequently at Washington, in tbe preparation of bis report, for a period of seventeen months) but, during all tbe time of this service, be held bis place and drew bis pay as a clerk in tbe Interior Department.
*88 The Secretary promised, in writing, to pay Ms expenses and allow Mm a reasonable compensation for Ms services. The actual expenses of the agency were paid, but nothing more; of which treatment the appellant complains, and insists that the written promise of the Secretary to pay him the value of his services is a binding obligation on the Government. But this is not so, for no authority of law existed for the promise. The Secretary could not pay the claim, because there was no appropriation to pay it, and he was not authorized by Congress to create an agency to perform the service in question. He undoubtedly acted in good faith with Stansbury, and supposed that Congress would approve the mode he adopted for obtaining useful information,, and ratify his proceedings; and his promise, under the circumstances, must be considered as a dependent one, to taire effect if Congress appropriated money to enable him to comply with it. Congress having failed to make the appropriation, the Secretary was justified in refusing to pay the claim.
But he was justified in his refusal on another ground. The payment of the claim was forbidden by positive law.
The second section of the Act of August 23,1842, declares that no officer of the Government, drawing a fixed salary, shall receive additional compensation for any service, unless it is authorized by law and a specific appropriation made to pay it. When Stansbury was appointed in 1851, this law was in force, and afforded notice to all employes of the Government of the policy of Congress on the subject to which it relates. The law was passed to remedy, an evil which had existed, of detailing officers with fixed pay to perform duties outside of their regular employment, and paying them for it, when the Government was entitled, without this double pay, to all their services. The law prohibited, and was intended to do so, the allowance of such claims as these, made by public officers for extra compensation, on the ground of extra services.
But the appellant insists if the above act embraced clerks in the Departments, its operation has been withdrawn from them by the 12th section of the act of 26th of August, 1842. It is-difficult to see how this conclusion is reached, because this section refuses to pay clerks or other officers in the Departments for doing the duties of other clerks or officers, and refuses,, further, to pay them for extra services of any kind.
There is no inconsistency between the provisions of the two *89 acts, which, were passed within a few days of each other, and were parts of a system, intended for the guidance of those in the employ of the Government. These provisions furnished-notice to all in authority, that in no event could clerks in the Departments be paid for doing the work of their fellow-clerks, nor could they be paid for any other service, unless it was authorized by law, and followed by an appropriation to pay for it.
Stansbury’s appointment was not authorized bylaw, nor was there any appropriation to pay for the services which he expected to render the Department.
It follows, therefore, that the transaction between Secretary Stuart and himself was in violation of the statute, and cannot be the foundation of an action. .
JUDGMENT AEEIKMED.